# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: February 28, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JESSICA WATTS, | * | UNPUBLISHED |
| | * | No. 17-1494V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
Heather L. Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 11, 2017, Jessica Watts ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a result of the influenza vaccine she received on October 12, 2014. On August 13, 2019, the previously assigned special master issued his Entitlement Decision, denying compensation.[3]

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

[3] On October 8, 2019, this case was reassigned to the undersigned for resolution of attorneys' fees and costs.

On October 25, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 38). Petitioner requests compensation in the amount of $23,669.14, representing $22,515.00 in attorneys' fees and $1,154.14 in costs. Fees App. at 1. Counsel for petitioner warrants that he has made numerous attempts to reach petitioner to sign a General Order No. 9 statement but has been unsuccessful. Fees App. Ex. 9 at 1. Counsel notes, however, that Petitioner has paid no fees, costs or any amount of money to his office regarding the claim. Id. Respondent filed his response on November 1, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 39, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $23,169.14.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioner was denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. *See* <u>Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. <u>Wasson v. Sec'y of Health and Human Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." <u>Saxton</u>, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Mr. Randall Knutson: $295.00 per hour for work performed in 2015 and 2016 and $365.00 per hour for all work performed from 2017-2019. These rates are consistent with what the undersigned has previously awarded Mr. Knutson and the undersigned shall award them herein. *See* <u>Maddox v. Sec'y of Health & Human Servs.</u>, No. 16-1504V, 2018 WL 6382043, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).

### ii.   Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. *See* <u>Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011).

The undersigned has reviewed the submitted billing entries and finds that a small amount must be reduced due to overbilling by Mr. Knutson on small tasks such as reviewing simple court orders, which were routinely billed for 0.2 hours, and reviewing minute entries, which were reviewed for 0.1 hours. Other special masters have noted that such billing practices can often result in overbilling. *See* <u>Golding v. Sec'y of Health & Human Servs.</u>, No. 16-1132V, 2019 WL 3753273, at *3 (Fed. Cl. Spec. Mstr. Jul. 18, 2019). Additionally, paralegals billed time for review of routine court orders which Mr. Knutson also billed time for review, which also contributes to excessive time expended on review of routine orders. Accordingly, the undersigned will reduce the final award of fees by **$500.00** to account for these entries. Petitioner is therefore awarded final attorneys' fees of **$22,015.00**.

### b.   Attorneys' Costs

Petitioner requests a total of $1,154.14 in attorneys' costs. This amount is comprised of acquiring medical records and the Court's filing fee. The undersigned has reviewed the requested

costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $21,515.00 |
| (Total Reduction from Billing Hours) | - ($500.00) |
| **Total Attorneys' Fees Awarded** | **$22,015.00** |
| | |
| Attorneys' Costs Requested | $1,154.14 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,154.14** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$23,169.14** |

**Accordingly, the undersigned awards $23,169.14 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Randall Knutson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.